IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE PRIVATE TRUST COMPANY, N.A., TRUSTEE OF THE LARRY P. GUTIERREZ REVOCABLE TRUST DATED AUGUST 28, 2013, AS AMENDED<br>1422 Euclid Avenue, Suite 1130<br>Cleveland, OH 44115<br><br>            Plaintiff,<br><br>v.<br><br>ADELAIDA GUTIERREZ<br>12040 North 133rd Way<br>Scottsdale, AZ 85259<br><br>and<br><br>TAMMY GUTIERREZ<br>8005 Waterbury Avenue NW<br>Albuquerque, NM 87120<br><br>and<br><br>ROBIN GUTIERREZ<br>8503 Rio Grande Boulevard NE<br>Suite D<br>Los Ranchos, NM 87114<br><br>and<br><br>LAWRENCE GUTIERREZ<br>9315 Colima Avenue NW<br>Albuquerque, NM 87120<br><br>and<br><br>ANITA GUTIERREZ<br>4120 Sumac Drive NW<br>Albuquerque, NM 87120<br><br>and<br><br>JOSHUA PAUL GUTIERREZ | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

| | |
|---|---|
| 4937 Rosemary Drive NW | ) |
| Albuquerque, NM 87120 | ) |
| | ) |
| and | ) |
| | ) |
| KEMBERLYN MANCINAS GUTIERREZ | ) |
| 12040 North 133rd Way | ) |
| Scottsdale, AZ 85259, | ) |

      Defendants.

Plaintiff, The Private Trust Company, N.A ("Plaintiff"), as Trustee of the Larry P. Gutierrez Revocable Trust dated August 28, 2013, as amended (the "Trust") for its Complaint against the named Defendants herein, states as follows:

## NATURE OF THE ACTION AND PARTIES

1. Plaintiff is a national banking association with its headquarters in Cleveland, Ohio and transacts business in Cleveland, Ohio, as is relevant to this matter.

2. Larry P. Gutierrez ("Grantor" or "Decedent") designated the Plaintiff to serve as Successor Trustee of Trust. As a result of the Grantor's death, the Plaintiff is currently serving as Trustee of the Trust. A true and accurate copy of the Trust is attached and incorporated hereto as **Exhibit 1**.

3. Plaintiff seeks a declaratory judgment from this Court to resolve uncertainty concerning the distribution of certain Trust assets, which are currently impacting the timely administration of the Trust.

4. Defendant Jane H. Gutierrez ("Jane"), who was previously married to the Grantor, and whose marriage ended in divorce in 2011, has requested funds from the Trust to pay for an alleged accelerated obligation that the Decedent entered into whilst he was alive and before the execution of the Trust.

5. Specifically, on September 19, 2011, Jane and Decedent entered into a Marital Settlement Agreement ("MSA"). A true and accurate copy of the MSA submitted by Jane to Plaintiff is attached and incorporated hereto as **Exhibit 2**.

6. In Section 7(a) of the MSA, Decedent purportedly agreed to pay Jane $21,700 per month for a period of 240 months (20 years) ("the Monthly Spousal Payments").

7. Decedent died on December 24, 2023.

8. Upon information and belief, at the time of Grantor's death, approximately $2 million was allegedly owed by Decedent to Jane under the MSA.

9. Jane has requested that the Trustee pay in full the total outstanding Monthly Spousal Payments outright, wrongly asserting that the Trust is an obligor under the MSA.

10. Upon information and belief, Jane also asserts that the MSA contains an acceleration clause.

11. Upon information and belief, Jane is using Section 7(d) [incorrectly alphabetized and should be Section 7(c)] of the MSA to support her assertion that the MSA contains an acceleration clause, which states, in part, that "[Decedent's] estate is liable for the entire amount of outstanding remaining payments owed by Husband to Wife at the time of his death."

12. It is the Plaintiff's position that Section 7(d) in the MSA does not meet the statutory and common law requirements of an acceleration clause.

13. The MSA does not reference the Trust.

14. Further, the MSA was executed *before* the Trust was created and funded.

15. The Trustee requests, in part, a declaration from this Court as to (1) whether the Trust is an obligor under the MSA; (2) in the event the Trust is obligated to pay Jane, whether the MSA contains an acceleration clause mandating outright payment of any outstanding Monthly Spousal Payments immediately and in full; and (3) whether Jane is entitled to interest

(and if so, at what rate) for the Monthly Spousal Payments that have not been paid since the Decedent's death.

16. It is Plaintiff's opinion that, under the express terms of the Trust and the relevant provisions of the Ohio Revised Code and New Meixco Law, the Court will conclude that Jane is not a beneficiary of the Trust and, therefore is not entitled to any proceeds and/or assets of the Trust.

17. Further, it is the Plaintiff's opinion that under the express terms of the MSA, the Trust is not a party to the MSA, and therefore, not an obligor to any of the terms of the MSA.

18. It is also the Plaintiff's opinion that the MSA does not contain an acceleration clause.

19. Even assuming *arguendo* that the Decedent's Estate is liable for the Monthly Spousal Payments, under New Mexico Law, a fully funded revocable trust – such as the case here – is not part of the probate estate and therefore not liable for any estate obligations. See *Bell v. Estate of Bell*, 2008-NMCA-045, ¶ 33, 143 N.M. 716, 724, 181 P.3d 708, 716.

20. Even under Ohio law, a fully funded trust is not responsible for a decedent estate's obligations.

21. Even if this Court were to conclude that Jane is entitled to the Monthly Spousal Payments out of the Trust assets, in that there is no acceleration clause in the MSA, Jane is only entitled to the monthly resumption of the Monthly Spousal Payments to continue for the duration of the remaining 240 months.

22. Further, inasmuch as the Trust is not a signatory (or obligor) under the MSA, there is no requirement for the Trust to pay the Decedent's purported obligations, including but not limited to those under the MSA.

23. Per the terms of the Trust, the only Trust beneficiaries include Defendants Adelaida Gutierrez ("Ade"), who was married to the Grantor at the time of his death, and the Grantor's children, either born or adopted: Tammy Gutierrez ("Tammy"); Robin Gutierrez ("Robin"); Lawrence Gutierrez ("Lawrence"); Anita Gutierrez ("Anita"); Joshua Paul Gutierrez ("Joshua"); and, Kemberlyn Mancinas Gutierrez ("Kember") (collectively, the "Gutierrez Children").

24. Ade and the Gutierrez Children are the only named beneficiaries under the Trust, and Jane's request to receive nearly $2 million from the Trust is not in harmony with the plain language of the Trust and the best interests of Ade and the Gutierrez Children.

25. Defendant Jane is not a beneficiary of the Trust and resides in New Mexico.

26. Defendant Ade is a beneficiary of the Trust and resides in Arizona.

27. Defendant Tammy is a beneficiary of the Trust and resides in New Mexico.

28. Defendant Anita is a beneficiary of the Trust and resides in New Mexico.

29. Defendant Lawrence is a beneficiary of the Trust and resides in New Mexico.

30. Defendant Joshua is a beneficiary of the Trust and resides in New Mexico.

31. Defendant Kember is a beneficiary of the Trust and resides in Arizona.

32. Pursuant to Fed. R. Civ. P. 19, Plaintiff is unaware of the names of any other necessary party to this action. Should it be required, Plaintiff will conduct discovery pursuant to Fed. R. Civ. P. 37, and R.C. 2317.48 in order to ascertain the identity of any such potentially adverse parties and to ascertain any other causes of action to which they may be entitled against the named Defendants.

## JURISDICTION AND VENUE

33. This Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff and Defendants are of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

34. This Court has jurisdiction over this case pursuant to Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 and Fed. R. Civ. P. 57 and 65, and the general legal and equitable powers of the Court.

35. Alternatively, the Court has jurisdiction over this case as Plaintiff is located in Ohio, and currently administering the Trust in Ohio, and under Ohio Revised Code §§ 2721.01 *et seq.*, 2701.24, and because of the allegations plead herein.

36. Further, pursuant to R.C. 5802.02 (B), this Court has personal jurisdiction over the Defendants inasmuch as "beneficiaries of a trust having its principal place of administration in this state are subject to the jurisdiction of the courts of this state regarding any matter involving the trust."  R.C. 5802.02 (B).

37. Since the Defendants are seeking to receive distributions from the Trust, which is administered and managed by trust professionals in Cleveland, Ohio, then this Court has personal jurisdiction over all the Defendants and is the proper venue under the applicable rules, including but not limited to 28 U.S.C. § 1391 (b), (c) and (d).

38. The United States District Court of the Northern District of Ohio has or will have personal jurisdiction over all claimants/Defendants because each claimant/Defendant has sufficient minimum contact with this district, and because a substantial part of the property that is the subject of this action is located and controlled in this district.

## FACTUAL BACKGROUND

39. Plaintiff incorporates by this reference each and every allegation set forth in the foregoing paragraphs as if they were fully rewritten herein.

40. On August 28, 2013, Grantor originally created the Trust.

41. The Grantor created the Trust to preserve harmony among the beneficiaries and to avoid the expenses and problems of litigation. *See* Section A.1.(b), Trust.

42. At the time of formation, the Trust was revocable. However, at the Grantor's death, the Trust became irrevocable.

43. Further, following the Grantor's death, on March 7, 2024, Plaintiff accepted the appointment as Successor Trustee of the Trust.

44. Following the Grantor's divorce from Jane, Grantor married Ade.

45. Per the terms of the Trust, separate sub-trusts are to be established for the Gutierrez Children and Ade.

46. Jane has undertaken efforts to prevent the Plaintiff from complying with the Grantor's dispositive wishes as outlined in the Trust.

47. Specifically, on or around October 2024, Plaintiff was informed by counsel for Jane that she is seeking approximately $2 million of Trust assets on the false notion that the Trust is responsible for any remaining obligations that Grantor may have had under the MSA.

48. Plaintiff has not seen any executed or applicable relevant document directly indicating the Grantor intended to revoke and/or change the terms of the Trust, which lists only Ade and the Gutierrez Children as beneficiaries.

49. It is Plaintiff's opinion that, under the express terms of the Trust and the relevant provisions of the Ohio Revised Code and/or New Mexico Law, the Court will conclude that Jane

is not a creditor or beneficiary of the Trust and otherwise not entitled to any proceeds and/or assets of the Trust.

50. Further, it is the Plaintiff's opinion that the Trust is not an obligor or signatory to the MSA and, therefore, cannot be responsible for any claims that Jane may have had against Decedent.

51. While Plaintiff opposes Jane's efforts to impede the Trustee's administration of the Trust, in part, on the basis of standing and jurisdiction, Plaintiff is now forced to file this action so this Court, the one with proper jurisdiction, can determine whether Jane, a non-beneficiary of the Trust, is entitled to certain Trust assets, permitting the Trustee to proceed and administer the Trust.

52. There is thus now an issue in controversy over (1) whether Jane is entitled to the resumption of the Monthly Spousal Payments, (2) whether Jane is entitled to interest under the MSA for unpaid Monthly Spousal Payments, and (3) whether the MSA contains an acceleration clause.

## **COUNT I – DECLARATORY JUDGMENT**

53. The allegations contained in the paragraphs above are incorporated by reference as though fully restated herein.

54. By its plain language, the Trust does not name Jane as a beneficiary of the Trust.

55. By its plain language, the MSA is not signed by the Plaintiff.

56. The MSA was executed before the Trust was created and funded.

57. The MSA does not contain a provision for a calculation of interest charges.

58. The MSA does not contain an acceleration clause.

59. Yet, this notwithstanding, Jane has claimed that she is, somehow, nonetheless entitled to some or all of the Trust's assets since there are purportedly Monthly Spousal Payments that remain outstanding as of Grantor's death.

60. The Plaintiff contends that the only current Trust beneficiaries – those otherwise entitled to receive assets from the Trust – include the other named identified Defendants, nominally named in this Complaint.

61. Jane's acts and/or omissions have negatively impacted the Trustee's administration of the Trust.

62. Plaintiff contends that Jane has created a real and justiciable controversy regarding: (i) the proper beneficiaries of the Trust since Jane, who is not a beneficiary of the Trust, is requesting that the Trust pay her nearly $2 million under the MSA outright, with interest; (ii) the appropriate distribution of the assets held by the Trust, and (iii) the application for payment and expenses.

63. Due to the real and justiciable controversy created by Jane, legal fees must be proactively expended to prosecute this case.

64. Some or all of the Defendants are adverse to each other inasmuch as the residual current income beneficiary (*i.e.*, Ade, who is also the second wife) stands to gain the most if this Court finds that Jane's claim to receive Trust assets is invalid.

65. Plaintiff contends that per the terms of the Trust, legal fees are appropriately charged to the Trust.

66. Plaintiff contends that under the laws of Ohio and/or New Mexico, the Trust is not responsible for any purported obligations that exist under the MSA and are purportedly outstanding.

9

67. Pursuant to Fed. R. Civ. P. 57, 28 U.S.C. 2201-2202, R.C. 2721, R.C. 2101, and the terms of the Trust, and other applicable state and common laws, Plaintiff requests this Court to declare the rights of the beneficiaries.

68. Other than being the Trustee of the Trust, with a mandate and fiduciary duty to comply with Decedent's wishes as expressed in the terms of the Trust, the Plaintiff claims no personal interest in the assets of the Trust.

69. The Trustee requests, in part, a declaration from this Court as to (1) whether the Trust is an obligor under the MSA; (2) if the Trust is deemed obligated to pay Jane under the MSA, whether the MSA contains an acceleration clause mandating outright payment in full of all outstanding Monthly Spousal Payments; and (3) whether Jane is entitled to interest (and if so, at what rate) for the Monthly Spousal Payments that have not yet been paid since the Decedent's death.

70. Plaintiff, as Trustee of the Trust, has a real and reasonable fear of liability or vexatious, conflicting claims directed against Jane's claim to the Trust's assets and is not in the position to safely determine which party's claim (amongst the beneficiaries) is meritorious without great hazard and possible multiple liabilities.

71. Under the provisions of Federal Rules of Civil Procedure, Plaintiff, as Trustee of the Trust, is entitled to join all persons in a single proceeding so Plaintiff, as Trustee of the Trust, may avoid duplicative litigation and the possibility of multiple or inconsistent liability on the conflicting and adverse claims of Defendants.

**WHEREFORE**, Plaintiff requests that this Court issue an order:

1. The Trustee be discharged from all liability relating to such benefits except to the party or parties whom the Court shall deem entitled to or to direct the Monthly Spousal Payments;

10

2. Defendants, and each of them, be permanently restrained from commencing any current or future actions for the recovery of the Monthly Spousal Payments or any part thereof, or any current or future claimed damages related thereto, as against Plaintiff, as Trustee of the Trust;

3. Defendants, and each of them, be permanently restrained from instituting or prosecuting any proceeding in any state or United States court affecting the Monthly Spousal Payments until further order of this Court;

4. Plaintiff, as Trustee of the Trust, be discharged from any and all liability regarding the Monthly Spousal Payments and its administration of the Trust;

5. A declaration that includes but is not limited to (1) whether the Trust is an obligor under the MSA; (2) if the Trust is deemed obligated to pay Jane under the MSA, whether the MSA contains an acceleration clause mandating outright payment in full of all outstanding Monthly Spousal Payments; and (3) whether Jane is entitled to interest (and if so, at what rate) for the Monthly Spousal Payments that have not yet been paid since the Decedent's death.

6. Plaintiff, as Trustee of the Trust, recover out of the Monthly Spousal Payments its costs and attorneys' fees incurred in this action and all actions connected to the Monthly Spousal Payments; and,

7. Awarding such other relief as the Court may deem just and equitable.

Respectfully submitted,

*/s/ Mark M. Mikhaiel*
Mark M. Mikhaiel (0091656)

*/s/ Ashton E.M. Bizzari*
Ashton E. M. Bizzarri (0091615)

SCHNEIDER SMELTZ SPIETH BELL LLP
1375 East Ninth Street, Suite 900
Cleveland, Ohio 44114
P: (216) 696-4200; F: (216) 696-7303
mmikhaiel@sssb-law.com
abizzarri@sssb-law.com
***Attorneys for Plaintiff,
The Private Trust Company, N.A., Trustee of the Trustee of the Larry P. Gutierrez Revocable Trust dated August 28, 2013, as amended***